THE CITY OF NEW ALBANY *v.* SMITH and Others.

The city having made a subscription to the stock of the *New Albany and Sandusky City Junction Railroad Co.*, and issued her bonds therefor, a suit was brought by *B.* and *T.* against the city and the railroad company to enjoin the collection of taxes assessed to pay the interest on said bonds. A compromise was agreed upon between the city and the company, by which the bonds were to be surrendered and the subscription canceled; in consideration of which, the city, by an ordinance of the Common Council, agreed, among other things, to pay all costs of the suit brought by *B.* and *T.*, "and also the fees of the attorneys of said *B.* and *T.*, as agreed between them and their said attorneys, and said city and attorneys of said railroad company."

*Held*, that the ordinance did not bind the city to pay the fees of the attorneys of the railroad company.

APPEAL from the *Floyd* Common Pleas.

WORDEN, J.—This was an action by *Smith* and *Day*, as assignees of *James C. Moody*, against the city of *New Albany*. The complaint alleges, in substance, that the *New Albany and Sandusky City Junction Railroad Co.* was indebted to *Moody* in the sum of $600, for services rendered by him as an attorney to the said railroad company, in defense of a suit by *Tellon* and *Briggs* against the company; which claim *Moody* had assigned to the plaintiffs. That after the services had been rendered, on, &c., the city of *New Albany*, in consideration, &c., by an ordinance duly passed by the Common Council of the city, assumed and promised, among other things, to pay said indebtedness. A copy of the ordinance mentioned is set out, and enough thereof is here copied to show the substance of the arrangement, and present the question here involved, viz.,

" SEC. 1. Whereas, it has been represented to the Common Council of the city of *New Albany*, by the Report of the President and Directors of the *New Albany and Sandusky City Junction Railroad Co.*, issued *April* 30, 1857, that said company have suspended all operations upon the work of said railroad ; and whereas it is shown by the report of said company that they have expended all the cash and real estate which said company received for stock in said railroad company ; and, furthermore, it is shown by the report of said company that they have pledged the bonds issued to said company by the city of *New Albany* to sundry persons for sundry amounts, although the validity of said bonds is questioned, and a suit is now pending in the *Floyd* Circuit Court to test the validity of the bonds issued to said railroad company by the city of *New Albany ;* and whereas it has been represented to the Common Council of the city of *New Albany* that the said *New Albany and Sandusky City Junction Railroad Co.* wish to compromise with the said city of *New Albany*, and deliver up the bonds of the city. Therefore,

" SEC. 2. *Be it ordained by the Common Council of the City of New Albany*, That *Franklin Warren*, Mayor of said city, be, and he is hereby, authorized, empowered and directed, in the name and on behalf of said city, to settle and compromise with the *New Albany and Sandusky City Junction Railroad Co.* on the terms hereinafter stated.

" SEC. 3. The *New Albany and Sandusky City Junction Railroad Co.* shall deliver to the Mayor of the city of *New Albany* all the bonds and coupons which the city of *New Albany* issued to said railroad company, (except seven bonds now in the hands of third parties, and the coupons which have been paid for by the city previous to the date of this ordinance,) and cancel the subscription of stock subscribed for by said city, and shall consent to the repeal of all ordinances and amendments to ordinances in conflict with the provisions of this ordinance. ·

" SEC. 4. The city of *New Albany* hereby agrees and binds herself, immediately after said bonds and coupons are surrendered and the repeal of all ordinances as contemplated by

the provisions of this ordinance, and on the canceling of said railroad subscription, then and not before, to assume and pay to the *Ohio* Insurance Company the sum of $36,000, which said *New Albany and Sandusky City Junction Railroad Co.* is now owing to said Insurance Company; which debt is now due, but the same may be paid and renewed out by said city, according to the rules of said company, and the first call and renewal may be paid by the city in city orders, at cash rates.

" SEC. 5. The city of *New Albany* shall assume and pay all the costs in the suits heretofore dismissed or now pending, wherein *John Briggs* and *Peter Tellon* were and are plaintiffs, and the said city, railroad, and others are defendants, brought to test the validity of the tax assessed by said city for *Sandusky City Junction Railroad* purposes; also the fees of the attorneys of said *Tellon* and *Briggs*, as agreed between them and their said attorneys, and said city and attorneys of said railroad company; and shall also consent that the *Floyd* Circuit Court, at its ensuing session, may, on the application of said *Tellon* and *Briggs*, enter in each case an order and decree, perpetually restraining and enjoining said city, her officers, and also the said railroad company, from taking any further steps to enforce or collect any tax or taxes assessed against said *Tellon* and *Briggs* for *New Albany and Sandusky City Junction Railroad* purposes, and vacating and annulling all sales of their property heretofore made therefor; and the said city shall at once redeem any and all property by the city collector sold for the taxes, for the purposes of said railroad, and said city shall make provisions for all persons who have paid taxes on account of said railroad."

There was a demurrer filed to the complaint, which was overruled and exception taken. Such further proceedings were had as led to final judgment for the plaintiff.

The appellant insists, among other things, that there is nothing in the ordinance set out that binds her to pay any claims of the attorneys of the railroad company. No question is made as to the right of *Moody* or his assignees to sue, in case the ordinance binds the city to pay his debt. On this incidental question, however, we may cite, for convenience of

May Term,
1861.

The City of
New Albany
v.
Smith.

reference, the case. of *Bird and Another* v. *Lanius*, 7 Ind. 615; and also, *Lawrence* v. *Fox*, 20 N. Y. 268, where the authorities were examined and the Court divided.

The portion of the ordinance binding the city to the payment of the claim in question, if any, is the first part of the fifth section: "The city of *New Albany* shall assume and pay all the costs in the suits heretofore dismissed or now pending, wherein *John Briggs*, and *Peter Tellon* were and are plaintiffs, and the said city, railroad, and others are defendants, brought to test the validity of the tax assessed by said city for *Sandusky City Junction Railroad* purposes; *also the fees of the attorneys of said Tellon and Briggs, as agreed upon between them and their said attorneys and said city and attorneys of said railroad company*, and shall also consent," &c.

We do not construe the language here employed as binding the city to pay the fees of the attorneys of the railroad company, nor do we find any thing in the context which shows that such was the understanding of the parties. The natural and obvious import of the language employed is that the fees of the attorneys of *Briggs* and *Tellon* were to be paid as agreed upon. As agreed upon by whom? The conclusion of the sentence answers: "as agreed upon between them and their said attorneys and said city and attorneys of said railroad company." The inference is, that as the city was about to become responsible for the fees of the attorneys of *Tellon* and *Briggs*, the amount was fixed and agreed upon by the parties named, in order that there might afterward be no misunderstanding as to the amount. In order to hold the city liable for the fees of the attorneys of the railroad company, we should have to change the entire structure of the sentence, and make it read somewhat as follows: "also the fees of the attorneys of said *Tellon* and *Briggs*, as agreed upon between them and their said attorneys and said city; and shall also pay the fees of the attorneys of said railroad company," &c. This may have been the real intention of the parties, but it would require a greater latitude of construction than we feel at liberty to adopt, to give the language used such interpretation.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. H. Stotzenburg*, *Thomas M. Brown* and *F. G. Dannecker*, for the appellants.

*W. T. Otto* and *J. S. Davis*, for the appellees.