THE CITY OF INDIANAPOLIS *v.* IMBERRY.

Nov. Term,
1861.

By the general law for the incorporation of cities, the council has jurisdiction over the streets and alleys, with power to provide for their improvement: 1. Upon the petition of the property holders, according to § 66, by a majority vote. 2. By a two-thirds vote of the council, without a petition.

The order of the common council for the improvement of a street, need not be expressed in an ordinance, but may be made by motion, or resolution.

It is not necessary, in order to render the contract valid, that the council should enter of record its determination, under § 68, whether the improvement contracted for, shall be paid for by the property holders, or out of the general fund of the city ; but where the council determines to pay out of the general fund, such an order should be made of record.

The bids for the work must be reported to the council, and that body must award the contract upon one of them ; which contract must be in writing, and be filed with the proper officer.

The estimates of the amount due the contractor, must be made by the civil engineer of the city, and reported to the council, and that body must order the payment of the estimate, which then becomes an assessment, before the contractor can proceed, by precept, against the property holders.

On an appeal from a precept, the property holder may have a trial upon the merits, except as to irregularities prior to the making of the contract, which are waived, unless taken advantage of by an injunction suit, before the work is performed.

A law, or amendment of a charter, relating to remedial proceedings, such as the practice on the trial, rules of evidence, &c., may have immediate, instead of prospective operation.

THE CITY OF INDIANAPO-
LIS
*v.*
IMBERRY.

| 17 | 175 |
| 129 | 561 |
| 17 | 175 |
| 138 | 466 |

| 17 | 175 |
| 154 | 479 |
| 155 | 244 |

| 17 | 175 |
| 157 | 698 |

| 17 | 175 |
| 163 | 608 |

APPEAL from the *Marion* Common Pleas.

*Saturday,
November* 30.

PERKINS, J.—A transcript from the records of the city council of *Indianapolis*, shows the following facts to have occurred in 1859: On *February* 26, the council ordered advertisements for bids, for specified street improvements. On *March* 12, the civil engineer of the city reported to the council, the following, among other bids, for such improvements, viz., "For grading and graveling *Pennsylvania* street, and side walks, between *Pogue's* run and *Madison* avenue with coarse pit gravel, per yard. *W. & R. Johnson*, grading, 15, graveling, 80 ; *John Kelleher*, grading, 13½, graveling, 6¾. The contract was first awarded to *Kelleher ;* but he proving irresponsible, the contract was subsequently given to the *Johnsons.* The *Johnsons* executed the required contract,

Nov. Term,
1861.

THE CITY OF
INDIANAPO-
LIS
V.
IMBERRY.

and gave an approved bond, &c. The contract specified the width of the street, side walks, &c., and the thickness of the coat of gravel. It stipulated that the work was to be performed to the satisfaction of the civil engineer of the city, by *October* 1, 1859. The contract was signed by *James Wood*, civil engineer, for the common council of the city of *Indianapolis*, and was subsequently approved by the council.

In *April*, 1860, the council, by resolution, directed the civil engineer to make for the contractors, *Johnson*, a final estimate of the work specified in the contract. In *May*, the Messrs. *Johnson* filed, in the proper office, an affidavit, stating that on *April* 16, *James Wood*, the civil engineer, allowed and made out to them a final estimate, for the work mentioned in the contract above referred to, and that the estimate showed the sum of twenty-nine dollars and twenty-five cents as due from *August Imberry*, for a certain number of feet owned by him on said *Pennsylvania* street, specifying the number and the parts of lots, &c., which they formed, all of which sum remained unpaid, and that the improvement had been completed according to contract, &c. Upon this affidavit, the council ordered (the affidavit being made a part of the order,) that there should be a precept issued for the collection of the sum of money named, which precept was issued by the proper officer; whereupon *Imberry* appealed to the Common Pleas. In that Court, a demurrer was sustained to the transcript, as a cause of action, and final judgment rendered for the defendant.

Was the ruling upon the demurrer correct?

. As there are no averment of unrecorded acts of the council, this question must be answered by comparing the acts shown by the transcripts to have been performed, with the requirements in the charter, and the by-laws of the corporation, touching this subject.

By the charter, the council has jurisdiction over the streets and alleys of the city, with power to provide for their improvement and repair. It has power to order them graded and graveled, or paved. It may do this: 1. Upon the petition of freeholders, according to § 66 of the charter, by a majority vote. 2. By a two-thirds vote of the council,

Nov. Term,
1861.

THE CITY OF
INDIANAPO-
LIS
v.
IMBERRY.

without a petition, according to § 68 of the charter. It does not appear, nor is it necessary that it should, in this case, whether there was a petition or not. The manner in which the order or determination of the council that a given street or alley, or part thereof, shall be improved, is to be expressed, is not pointed out in the paramount law, but we think it need not be by ordinance. We think it may be expressed by motion or resolution. It is urged that the latter part of § 68, renders it necessary that the council, in all cases, shall enter of record their determination whether the improvement contracted for shall be paid for by the property holders, or out of the general fund of the city, in order to render the contract in the case valid. But we do not think so. The charter authorizes the city council to let out the improvement of streets by contract, containing certain conditions, (the fund out of which payment is to be made not being one of them,) and it then declares the legal rights of the contractor, under such a contract, and the manner in which he may enforce payment for work done; and it declares that no question of fact shall be raised in such proceedings, behind the contract itself. But if the city should determine to pay out of the general fund, it would be necessary that such determination should be entered of record.

The case of *Bonesteel* v. *The Mayor*, &c., 22 N. Y. R. 162, is not in point. The contract, in that case, was not within the authority, and was not performed.

The bids for the work must, under the general law for the incorporation of cities, be reported to the council, and that body must award the contract upon one of them; which contract must be in writing, and must be filed with the proper officer. This is plainly inferable from §§ 66, 67 and 68 of the charter.

The work under the contract may be paid for as it progresses, and must be fully paid for when completed. The payments are to be made upon estimates of the amount of work done, the last of which, at the completion of the contract, is called the final estimate. The council directs the payment of the estimates when made, which direction is called an assessment of the estimate, or simply an assess-

Nov. Term, 1861.

THE CITY OF INDIANAPO-LIS v. IMBERRY.

ment. An estimate directed by the council to be paid, becomes an assessment. The estimate is to be made by the civil engineer of the city, and reported to the council, who directs, or refuses to direct, its payment. If the engineer should delay unreasonably to make an estimate for a contractor, the council might instruct him to proceed to make it, or show that nothing had been done to be estimated. This is plainly inferable from the sections of the charter prescribing the duties of civil engineer; is expressly provided for by the by-laws of the corporation, is analogous to the proceedings in the construction, and payment therefor, of all our public works, and is peculiarly in accordance with the fitness of things. The council might, perhaps, hear evidence in opposition to an estimate of the engineer, but such is not the practice. Estimates fall within his province, as a man of science and art. If he be not such, in fact, he is unfit to be in the office.

If estimates directed by the council, made by the engineer, and called for from the property holders by the contractor, are paid, no further proceedings are necessary. The bid for the work, and the contract, which can be inspected at all times by the property holders, as readily as can be the tax lists and mortgages upon property, inform owners or buyers, upon multiplication by the number of feet of ground owned on the street, the exact amount of lien on the lot till payment, and the exact amount each owner has to pay in all.

If estimates are not paid, at least final estimates, that fact, together with a statement of the fact that the estimate has been made, the amount thereof, the description of the particular lot or part of lot to which it is chargeable, &c., must appear to the council by affidavit; upon which affidavit the council orders a precept, &c. Acts 1857, p. 69. After the issuing of this precept, the property holder may appeal to the Common Pleas, where his cause may be tried upon the merits; except that he can not go behind the making of the contract to show irregularities. If any irregularities occur prior to that act, they must be taken advantage of by an injunction suit, before the work is performed. By omitting

Nov. Term,
1861.

THE CITY OF
INDIANAPO-
LIS
v.
IMBERRY.

thus to proceed, the party waives objection up to the making of the contract. This is the provision of the charter. § 69.

Acts of corporate bodies are sometimes omitted to be entered of record. Generally, in such cases, if there is no prohibition in the charter, they may be proved by parol, if there are proper averments in the complaint. *Langsdale* v. *Bonton*, 12 Ind. 467. In the case at bar, the transcript of the record of the corporation constitutes the complaint; and did the transcript fail to show that all necessary steps had been taken, the questions would arise whether they could be proved by parol, without a complaint showing that the omitted steps had actually been taken; whether such complaint itself would be allowed; or whether the remedy would not be to apply to the council to have omitted entries made, *nunc pro tunc*, and a correct transcript filed in the Common Pleas. This latter course looks the most reasonable, and the party might be driven to it by a demurrer. In the case now before us, the transcript is sufficient.

A law, or amendment of a charter, relating to remedial proceedings, such as the practice on trial, rules of evidence, &c., may have immediate instead of prospective operation. Comparing now the action of the council in this case, so far as appears by the transcript, with the requirements of the charter, we find an omission which goes to the regularity and legality of the proceedings, viz., a failure on the part of the engineer or contractor to report the estimate to the council, and of the council to direct its payment. For this defect the demurrer was rightly sustained, and the plaintiff not amending, or asking leave for time to perfect the transcript on file, judgment of dismissal was rightly entered. The party will have to commence again, back of the first error.

*Per Curiam.*—The judgment is affirmed, with costs.

*B. K. Elliott*, for the appellant.

*N. B. Taylor, J. Morrison* and *C. A. Ray*, for the appellee.