Filed Dec. 19, 1883.

———————

No. 10,568.

GORING v. McTAGGART.

CITY.—*Street Improvement.*—*Sale of Real Estate.*—*Injunction.*—Injunction lies to restrain a sale of real estate upon a void precept issued on account of a street improvement.

SAME.—*Estimate for Improvement.*—Without an estimate for work done in improving a street, as required by section 3164, R. S. 1881, no valid precept for the collection thereof can be issued.

From the Cass Circuit Court.

*T. J. Tuley,* for appellant.

*J. W. McGreevy* and *D. B. McConnell,* for appellee.

ELLIOTT, J.—Appellee asked and obtained an injunction enjoining appellant from selling a lot upon a precept issued

for the collection of an assessment for the expense of improving a street in front of the lot.

The complaint was sufficient to entitle the appellee to an order prohibiting the sale upon the precept, inasmuch as it showed that the precept was void. A sale upon a void writ or precept may be enjoined. Equity interferes in such cases in order to prevent a cloud from being cast upon the title.

It appears that no legal estimate had ever been made for the cost of the improvement, and without such an estimate no valid precept could issue for the collection of the assessment.

It is argued that an injunction will not lie in such a case as this, for the reason that the plaintiff has an adequate legal remedy by appeal. It may, perhaps, be true that so far as the proceedings for the collection of the assessment is concerned, this position is well taken, but it does not meet the question here encountered. The question here is, Can a sale on a void precept be enjoined? not whether the collection of the assessment, or rather of the cost of improvement, can be restrained. We have cases holding, and as we think correctly, that where an error is committed in the proceedings, which can be corrected, it is in the power of the common council to make the proper correction. It follows from this that where the error is one which can be corrected, and the omission to order, approve, or issue an estimate is regarded as such an error, the proceedings for the collection of the assessment can not be enjoined, although a sale on an invalid precept may be restrained. We have cases so deciding. *Wilson* v. *Poole*, 33 Ind. 443. The injunction properly reaches only to the threatened sale.

We sustain the complaint upon the ground that it shows the appellee entitled to some relief, and that is a prohibition against selling on the void precept, but we do not mean to hold that it is good because it shows that the work done by the contractor was not done according to contract, for that, and all kindred questions, can only be presented by appeal.

The appellant could not give force to his void precept by

showing that the work was in fact done in front of the appellee's lot. The statute expressly provides an exclusive remedy for the enforcement of street assessments, and, as the proceeding is a summary statutory one, the provisions of the statute must be pursued.

The appellee was not bound to prove that the work had not been done in front of his lot in order to entitle him to give evidence of the omission which rendered the precept void.

It may, perhaps, be true that the relief awarded the appellee is greater than should have been adjudged, but as no motion was made to modify the judgment in the court below no question is here presented. It is now well settled that where there is a complaint entitling the plaintiff to some relief, and the error is in granting too much, the remedy of the defendant is by motion to modify or correct. *Hardy* v. *Miller*, 89 Ind. 440.

Judgment affirmed.

Filed Oct. 11, 1883.

### On Petition for a Rehearing.

ELLIOTT, J.—Counsel for appellant earnestly insists that we have not fully considered the questions presented, and have not justly construed the record.

We have again examined the record and find that counsel, and not the court, is in error. The complaint does aver that "no part of the work has been done in accordance with the general line of the street; that it has not been done in accordance with the contract; that no part of the work has been done to the acceptance of the civil engineer; that the work has not been done as a whole, but has been done in spots on said street in front of the property of those who might be supposed able to pay, leaving the street generally in an incomplete condition, worse than it was before the commencement of the work; that the lines of the street have never been fully determined since the original survey; that many houses and improvements are out in the street, some of them

:as much as ten feet, and the city has taken no steps to cause the obstructions to be removed so that the street can be improved; and further that no order has ever been made by the common council of the city of Logansport for the estimate of the work done on said improvement, and that no lawful estimate was ever made." We do not see how it is possible to question the right of the plaintiff to an injunction upon such a showing.

There was nothing for him to tender, for there was nothing for which he was bound. The rule that a tender must be made where anything is due, can not here apply, for there was nothing legally or equitably due.

A street contractor can not improve mere patches of a street, and then recover upon the ground that he has done work of value. The law means that the entire line of the street covered by the contract shall be improved, and not that the work may be done in spots. According to the confessed allegations of the complaint, the work could never have been completely performed.

The complaint shows that no estimate was issued, or could legally have been issued; it does even more, it shows that none was ordered, or could rightfully have been ordered. *City of Indianapolis* v. *Imberry,* 17 Ind. 175.

If counsel had looked into our own reports, he would have found that it has always been the law of this State that a sale may be enjoined, even though if it were made it would be utterly void. Even a void sale may give color of title, and against such a result a property owner is entitled to be protected by injunction. The case of *Harrison* v. *Haas,* 25 Ind. 281, does not decide what counsel claims, nor in the remotest degree hint that a void sale may not be enjoined. All that is decided is that equity will not interfere to enjoin a tax sale even though it is void, unless taxes equitably owing are paid or tendered.

We did not misunderstand the decision in *Wilson* v. *Poole,* 33 Ind. 443, nor were we wrong in saying that the principle

there declared governs here. In that case the affidavit for the precept did not state that the estimate of the engineer "was duly made," and it was held that the sale was void. If this result should follow from the omission of the words "duly made," then, certainly, it must follow where there is no estimate or assessment such as the law requires. We quote from the opinion in that case, written by FRAZER, J., the following: "But it is argued that an appeal from the precept is provided for by statute, and that having failed to appeal, the owner of the property is forever prohibited from making any question as to the authority to issue the precept. This argument would possess greater force in a case where the precept had been issued under such circumstances as the law requires to exist in order to warrant its issue. The case, however, is one in which, under the circumstances, it issued without any authority whatever. It was therefore not voidable merely, but void, and no appeal was necessary to get rid of it. Being void, it had no more virtue or force than the blank paper upon which it was written; and the treasurer could not, under it, pass title by a sale of the property. Causes concerning the validity of tax titles under laws requiring the previous judgment of a court, of which the reports are full (we cite only *Thatcher* v. *Powell*, 6 Wheat. 119), maintain this proposition so uniformly, that it can hardly be deemed open for argument anywhere. It matters not that the lot owner *may* interpose by appeal to arrest the proceedings. It is only by virtue of the statute and by a strict compliance with all its material requirements that the officers of the city could have any power to alienate the property."

But for the statements in the brief on this petition, we should not deem it necessary to repeat what we said in the former opinion as to the effect of the injunction. These, however, make repetition necessary, and, therefore, we repeat that the injunction operates to prevent a sale, not to prevent the collection of the assessment. If the defect can be remedied by new orders and new reports, and the appellant is justly en-

titled to them, they will be awarded him, and he can collect the assessment. But without a substantial compliance with the material requirements of the statute, he can not sell appellee's property.

We did read the evidence, and we found that the city clerk testified, with the record before him, that "No estimate for the work in front of McTaggart's property, in favor of James Goring, was reported to the common council by the city civil engineer; nor did the common council order any estimate paid said Goring for the work in front of McTaggart's premises on Ottawa street." The civil engineer also testified that he did not report any estimate. It is true that there was attached to the affidavit of the contractor a paper professing to be an estimate of the amount due upon the lot owned by appellee, but, for many reasons, it was not such as the law requires; it was never reported to nor acted upon by the council, and this of itself rendered it utterly .invalid. *City of Indianapolis* v. *Imberry, supra.* The action of the council was on the affidavit, not on the estimate. It was not such an estimate as the law requires, for the reason that it did not, prior to the filing of the affidavit, go upon the records of the council, and no order was made for its payment. The statute provides that if the owner shall fail for the period of twenty days to pay such estimate, an affidavit may be filed and precept issue; but, as held in *City of Indianapolis* v. *Imberry, supra,* none can issue until an assessment has been made by the council, by ordering the payment of the estimate. In truth, there is no estimate within the meaning of the law until it has been ordered and also directed to be paid by the council, for the property owner has twenty days from that time to pay before a precept can issue.

We did not fully discuss the evidence, because we found of record a statement of counsel conceding that there was no report of the estimate to the common council. The document to which we refer is a motion, written by counsel, containing the following: "1st. Because the evidence shows that the

omission to report the estimate in the proceedings before the common council of said city occurred solely through the neglect of Walter A. Osmer, the then civil engineer of the city, whose duty it was by law to report the same. 2d. That the omission to order the estimate paid was solely the omission of said city, and not of this defendant."

Petition overruled.

Filed Dec. 18, 1883.