City of Fort Wayne v. Shoaff et al.

Filed March 12, 1886.

No. 12,221.

CITY OF FORT WAYNE v. SHOAFF ET AL.

CITY.—Improvement of Real Estate Owned by City.—Assessment of Adjacent Lot-Owners.—The city council has no jurisdiction to improve the property of the city, held and used for market purposes, at the expense of owners of adjoining lots.

SAME.—Injunction.—Practice.—Where the city council proceeds in any matter without jurisdiction, such proceedings are void, and injunction is the appropriate remedy.

From the Allen Superior Court.

H. Colerick, for appellant.

W. H. Coombs, R. C. Bell, S. L. Morris and S. R. Alden, for appellees.

ELLIOTT, J.—The first paragraph of the appellees' complaint alleges that they are the owners in fee of lots situated in the City of Fort Wayne, abutting on a parcel of ground owned by the city, and known and designated as market space; that this space was dedicated to the city in June,

City of Fort Wayne *v.* Shoaff *et al.*

1837, for market purposes, and has since been used for market purposes; that it has not been used as a street, and is not a street or alley; that in April, 1883, the common council of the city passed a resolution, providing for the improvement of the space by macadamizing, and providing for the assessment of the cost of the improvement upon the adjoining property; that a contract was awarded, the improvement made, assessments laid upon the property, and precepts issued for the collection of the assessments.

The allegations of the second paragraph of the complaint are substantially the same as the first, although the paragraph is not well drawn. ·

The appellant's principal contention is, that the appellees are not entitled to relief by injunction, for the reason that there is a specific remedy, that of appeal, provided by statute. This contention can not prevail. The common council had no jurisdiction to assess the cost of improving property owned by the city for market purposes upon adjoining property-owners. The jurisdiction of the common council in such matters extends only to streets and alleys; it does not extend to property owned by the city for other municipal purposes. As there was a want of jurisdiction, the proceedings were void, and, where the proceedings of the common council are void, injunction is the appropriate remedy. *Goring* v. *McTaggart,* 92 Ind. 200; *Wilson* v. *Poole,* 33 Ind. 443.

It is tacitly assumed by counsel, that there was nothing more than a mere irregularity, but this assumption is palpably erroneous, for there was an absolute defect of jurisdiction. We have scores of cases holding that where the proceedings of an inferior tribunal are taken in a case where there was no jurisdiction of the subject-matter, they are destitute of validity, and injunction will lie. These cases plainly mark the distinction between an irregular and a void proceeding, and that distinction we here recognize and enforce. If the space improved had been a highway, then a question of fact as to whether it was a street or alley of the city would

have arisen, and in that event the decision in *Palmer* v. *Stumph*, 29 Ind. 329, would have been applicable; but the complaint avers, and the demurrer admits, that the space was the property of the city for market purposes, and was not a street or alley. There is, therefore, no question of fact, for the concession that it was part of the property owned and used by the city for market purposes, closes the question. We suppose it to be quite clear that a city would have no jurisdiction to improve, at the cost of property-owners, a school-house yard, a space in front of an engine-house, or the ground about a city hall, station-house or prison, and there is not a particle of difference between such cases and the present. We put our decision on the ground that there was an absolute lack of jurisdiction to improve the property of the city, held and used for market purposes, at the expense of adjoining lot-owners. The statute does not assume to confer jurisdiction upon the common council in cases such as the present, to make improvements at the expense of lot-owners, but confines jurisdiction to streets and alleys, and there is, therefore, no jurisdiction of the subject-matter. It is a rudimentary principle that no proceeding, not even of a court of the highest dignity, can be valid where there is no jurisdiction.

The second paragraph of the complaint is not, as we have said, well drawn, but although somewhat uncertain and indefinite, it is sufficient to repel the demurrer. There is enough in it to show the improvement of property, owned and used by the city for market purposes exclusively, the assessment of the cost upon adjoining lot-owners, and the issuing of precepts for the collection of the assessments. These facts show that there is an attempt to collect assessments levied by the common council in a case where it had no jurisdiction. If the appellant had desired a more definite statement of facts it should have moved the trial court to make the complaint more specific.

Judgment affirmed.

Filed March 2, 1886.