Balfe *et al. v.* Lammers *et al.*

------

## No. 12,025.

## BALFE ET AL. *v.* LAMMERS ET AL.

INJUNCTION.— *City.— Street Improvement.— Collection of Unauthorized Assessment.*—Injunction will lie to restrain the collection of an assessment for a street improvement levied upon property which the city had no power to assess for such improvement.

CITY.—*Street Improvement.— Assessment.—Complaint to Enjoin Collection.— Ordinance.— Yeas and Nays.—Estimate.—Mistake.*—Questions as to the taking of the yeas and nays on the passage of an ordinance, as to the amount

of the estimate and as to a mistake in describing the property, can not be presented by a complaint to enjoin the collection of a street improvement assessment.

SAME.—*Appeal from Precept.—Conclusiveness of Judgment.—Description.—New Precept.*—Where, on appeal by a property-owner from a precept, the proceedings are sustained, and judgment is rendered in favor of the contractor, the latter is concluded by it, if unappealed from, as to all questions before the court, including the validity of the estimate and the sufficiency of the description, and can not take out another precept.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams,* for appellants.

*W. C. L. Taylor* and *B. W. Langdon,* for appellees.

ELLIOTT, C. J.—The complaint of the appellees is for an injunction restraining the appellants from collecting an assessment made for the cost of improving a street. There are many allegations in the complaint that are out of place in a suit for an injunction brought after the completion of the improvement.

The question as to whether the yeas and nays were taken on the passage of an ordinance can not be presented by a complaint for an injunction, unless the suit is brought before the work is done. That question, if it can be made at all after the completion of the work, can only be made by appeal from the precept. We are, indeed, inclined to the opinion that it can not be made in any event after the contract has been awarded. *Taber* v. *Grafmiller, ante,* p. 206; *Taber* v. *Ferguson, ante,* p. 227.

The question as to whether the estimate was made for the proper amount can not be put in issue by a suit for an injunction. That question must be made and tried on appeal, for appeal is the remedy provided by law, and, as is well known, an injunction will not lie where there is a legal remedy.

Nor can a mere mistake in describing the property be tried by injunction; that, like the questions already discussed, can only be tried on appeal. The law is that all questions which

Balfe *et al. v.* Lammers *et al.*

are properly triable on appeal must be so tried, and not by injunction, except such questions as go to the power and jurisdiction of the common council. It is to such questions that the decisions in *Wilson* v. *Poole*, 33 Ind. 443, *Goring* v. *McTaggart*, 92 Ind. 200, *City of Fort Wayne* v. *Shoaff*, 106 Ind. 66, are applicable.

The complaint avers that the property does not abut on South street, and, as that was the street improved, this averment makes the complaint good, for the power to assess property was confined to lots abutting on the street improved at the time the work was done. It is not within the jurisdiction of the common council to tax property not embraced within the provisions of the act of incorporation. *City of Fort Wayne* v. *Shoaff, supra.*

At the time the contract was awarded and the estimate issued, the act of incorporation did confine the power of the city to assess property to the lots bordering on the street, although the law has since been changed. *Ray* v. *City of Jeffersonville*, 90 Ind. 567.

It is also alleged that Henry Lammers, the appellees' ancestor, appealed from the precept, and that on the trial of the appeal a judgment was, on the 25th day of March, 1875, rendered against him for $1,353. Upon this judgment executions were issued. This judgment concludes the appellants, and they can not disregard it and take out another precept. All questions relevant to the validity of the assessment were before the court in that case, and under the rule laid down in the often approved case of *Fischli* v. *Fischli*, 1 Blackf. 360, those questions are conclusively settled. If the appellants were not satisfied with the judgment in their favor, their remedy was by appeal. The case is utterly unlike one in which judgment is given the land-owner on account of errors in the proceedings of the common council, for here the judgment is in the contractors' favor on all those questions, and they were awarded a recovery. If the recovery was not such as they were entitled to, their remedy was by appeal. They can not escape

the force of that judgment, for it was not founded on errors in the corporate proceedings. The cases which hold that where the contractor is defeated on the ground that the proceedings were erroneous, he may commence back of the first error and correct the proceedings, are not in point.

The answer admits the issuing of the first precept, the appeal and the judgment. It sets forth a copy of the judgment or decree, from which it appears that the sum of $1,353 was awarded the appellants; that of this sum $1,120.26 was the amount of the estimate, and that the remainder of the judgment was for interest. It further appears that a lien was declared in favor of the appellants, and that it was ordered to be foreclosed.

The attempt of the pleader to avoid the effect of this decree is futile. It fully covers the whole case and adjudicates all questions. It may have been erroneous, but that can not be investigated in this collateral proceeding. There is a personal judgment, and that merges the claim of the appellants. The quotation from Freeman on Judgments, section 218, has no relevancy here, for here there was jurisdiction of the subject-matter and of the parties. There was in this case no mistake as to the parties, and the case of *Wixom* y. *Stephens,* 17 Mich. 518, is not at all in point.

The decision in the case of *Conyers* v. *Mericles,* 75 Ind. 443, and cases based upon it, can not be applicable here, for here there was no contract between the parties in which there could be a mistake. The mistake in the description in a mortgage is a mutual mistake of the contracting parties, but in such a case as this there are no parties to the contract except the city and the contractors. In such a case as this one of the principal questions for trial on appeal from the precept is whether the estimate properly describes the property. That is a question directly in issue, and one that must be decided, for, in strictness, the proceedings are against the property. *City of New Albany* v. *Smith,* 16 Ind. 215. It is evident, therefore, that a judgment in favor of the contractor settles

the question as to the validity of the estimate and the suffi-ciency of the description.    Estoppels by judgment are mu-tual, and surely a property-owner could not enjoin the en-forcement of a decree rendered on an appeal from a precept, on the ground that the estimate was invalid because the prop-erty was not properly described.    The answer is bad, and the court did right in sustaining the demurrer to it.

The evidence shows that there was a former adjudication, and it is therefore unnecessary to examine it further.

Judgment affirmed.

Filed Feb. 1, 1887.