No. 17,303.

THE CITY OF TERRE HAUTE ET AL. *v.* MACK.

CITY.—*Improvement Assessment.—Non-Bordering Lot.—Liability of.— Act Construed.*—Under the act of March 8, 1889 (Acts 1889, p. 237; R. S. 1894, section 4288 *et seq.*), assessments for street improvements can only be made against lots bordering upon the street as designated by plat or other subdivision, and the liability of other lots back from the bordering lot and lying within one hundred and fifty feet of the street improved, arises only in the event that the bordering lot, against which the whole assessment must be levied, fails to sell for a sum sufficient to pay the assessment, and then only for the deficit, in the order fixed by the statute.

SAME.—*Void Assessment.—Injunction.—Appeal.*—The act of the engineer in apportioning a part of the cost of a street improvement upon a non-bordering lot, and of the city common council in assessing such amount against such lot are void, and the collection of such assessment will be enjoined, particularly as such acts are ministerial, from which no appeal has been provided by statute.

SAME.—*Primary Liability of First Fifty Feet.—Must be Owned by One Person.*—In so far as the first part of the proviso in section 3 of said act seems to indicate an intention to make the whole of the first fifty feet back from the front primarily and alike liable, it must be held to apply only to a case where one person owns the whole of the first fifty feet.

From the Vermillion Circuit Court.

*P. N. Hiser,* for appellants.

*J. E. Lamb, J. T. Beasley, W. Mack, D. W. Henry* and *G. M. Crane,* for appellee.

McCABE, J.—The appellant, the city of Terre Haute, improved a portion of Fifth street in said city, from Main street south.    Appellants Voorhees and Grimes were the contractors.    Appellee owns real estate within fifty feet back from the street improved.· It is in Blake's subdivision, a platted portion of said city consisting of a series of lots fronting on Main street, or Wabash avenue, to the north, and running back south to an alley 138 feet.    The lots are numbered consecutively, beginning on the west with No. 1, lying side by side, continuing on east to No. 16 on Sixth street. Lot No. 1, owned by Hudson, lying its whole length east of, next to, and bordering on said Fifth street, was 19 feet wide; lot No. 2, owned by Froeb and Morgan, lies east of and next to said lot No. 1, and is 18.6 feet wide; and lot No. 3, owned by appellee, lies east of and next to said lot No. 2, and is also 18.6 feet wide, consequently a strip of 12.4 feet wide on the west side of lot No. 3 is within fifty feet back from said improved street, but no part of lot 3 borders, abuts or touches on Fifth street.    All the lots front to the north on Wabash avenue or Main street.    Lot 1, lying next to and bordering on Fifth street, is worth $16,000, and all three lots have three story brick buildings on them.

After the work had been completed in a manner satisfactory to all, it was accepted by the city, and to enable the contractors to collect pay for the same, the city had the engineer make assessments to pay the contractors, and instead of assessing the cost of paving Fifth street along lot 1, bordering on and adjoining the same, assessed also lots 2 and a strip 12.4 feet wide on the west side of plaintiff's lot 3, making the assessment extend back for a distance of fifty feet from said improved street.    And the city is about to issue her certificate to said defendants,

the contractors, ordering them to enforce collection by the sale of plaintiff's property.

The foregoing are the facts substantially alleged in the complaint. It is further alleged that said assessment is without right and a cloud on plaintiff's title, and said defendants, contractors, are seeking to get said certificate to enforce its collection. Prayer that defendants be enjoined from issuing said certificate and collecting said illegal assessment, and for general relief. The answer of the city sets up substantially the same facts, and in addition thereto that the common council, on the 7th of November, 1893, ordered the city engineer to prepare a first and final estimate in favor of said contractors for said improvement; that on November 29th, 1893, said engineer reported an estimate in favor of said contractors for said improvement against the property owners benefited thereby, and among others the following, to wit: Mary V. Hudson, on a strip or lot of ground adjoining said Fifth street 138 feet along said street, 19 feet wide, the sum of $297.06; Froeb and Morgan, the same length parallel with said street, 18.6 feet wide, adjoining the lot just mentioned, $272.10, and Amanda D. Mack, a strip or lot the same length, parallel with said street, adjoining the last described strip, and 12.4 feet wide, $161.05, said strips or lots being said lots 1, 2, and 12.4 feet off the west side of lot 3, all being within 50 feet of the east side of said Fifth street, and said improvement, and a plat thereof, is made an exhibit; that said estimate of the cost of said improvements so made and reported were made by said city engineer according to the whole length of the street so improved per running foot, and said lots being platted; and upon the proper notice being given for hearing objections to such assessments, and there being no objections the common council, on the 29th day of December, 1893, that being

the time specified in the notice, approved and confirmed said report and assessment, and did assess against plaintiffs said lot as its proportion of the costs and benefits of said improvements said sum of $161.05, that being the proportionate part of the cost and benefits of said improvement assessed against said lot in the ratio that said lot bore to the whole property benefited by the improvement and no more, and that plaintiff did not, after the assessment, appeal therefrom.

A demurrer to the complaint was overruled, and a demurrer to the answer was sustained, and the defendants all refusing to plead further, appellee had judgment and a decree on the demurrers enjoining the collection of said assessment against appellee's lot 3.

The suit was begun in Vigo county, and the cause was transferred on change of venue to the Vermillion Circuit Court.

These rulings are assigned as the only errors. The improvement in question was made under the act of the Legislature approved March 8, 1889. Acts 1889, p. 237, Burns' R. S. 1894, section 4288. The third section thereof, among other things, provides that "In all contracts specified in the preceding section the cost of any street or alley improvement shall be estimated according to the whole length of the street or alley, or part thereof to be improved, per running foot,   *   *   * and in all cases where such improvement shall have been made, or may hereafter be made on any street or alley running along or through any unplatted lands lying within the corporate limits of such city or incorporated town,  * shall be estimated according to the whole length of the street or alley, or the part thereof to be improved per running foot, and the owners of such unplatted lands bordering on such street or alley or the part thereof to be improved, shall be liable to the con-

tractor for their proportion of the cost, in the ratio of the front lines of such unplatted lands owned by them to the whole unimproved line; and in making the assessment against such owners for the improvement of such lots or parts of lots and unplatted lands shall be assessed upon the ground fronting or immediately abutting on such improvement back to the distance of one hundred and fifty feet from such front line, and the city or incorporated town, and the contractor shall have a lien thereon for the value of such improvement: *Provided, however,* That where such land is subdivided or platted, the land lying immediately upon and adjacent to the line of the improvement and extending back fifty feet shall be primarily liable to and for the whole cost of the improvement, and, should that prove insufficient to pay such cost, then the second parcel and other parcels in their order to the rear parcel of said one hundred and fifty feet shall be liable in their order.''

The appellee contends, first, that her lot, not fronting or abutting on the line of the improvement, is not, and she is not liable for any part of the costs of such improvement in any event under the provisions of the act from which we have just quoted. And secondly, she contends that if she is liable at all, she is only liable after the first and second parcels have been exhausted, and have proven insufficient to pay the costs of the improvement.

Appellants contend that the statute makes the ground liable back 150 feet, though each parcel thereof may be owned by a different person, and they concede that the first parcel is primarily liable for the whole cost of the improvement if it will sell for enough to pay it. And where the 150 feet is as here owned in parcels by different owners, and the first parcel is exhausted and proves insufficient, then the next parcel must be resorted to and

exhausted before resort can be had to the third, and so on to the rear parcel of the 150 feet. But they contend that the word "parcel," as used in the act, means 50 foot parcels, first 50 feet on the front, and secondly, the next 50 feet, and thirdly and lastly the last 50 feet of the 150 feet back; and that the first 50 foot parcel is all and alike made primarily liable, and so on with each of the other 50 foot parcels in their order. If that construction is correct, the complaint was bad, and the answer good.

The question thus confronting us is not free from difficulty. It would seem at first blush that the construction that the word "parcels," as used in the statute, means 50 foot strips regardless of the platting or subdivisions of the ground, has some equitable considerations in its favor. For instance, where the first 50 feet back is owned by more than one person, it seems equitable that they should contribute to the cost of the improvement of the street in front in some proportion, and the one owning, as here, only 19 back from the front should be subject to pay it all if his property will sell for enough, seems harsh. But if the whole act when examined together shows that to have been the legislative intent we must give that intention effect. We have nothing to do with the policy, expediency or justice of the statute. There are several reasons why the Legislature did not mean by the word "parcels," fifty foot strips or parcels, and why they meant the lots as designated on the plat, or parts of lots as designated by other subdivisions of the ground.

The provision just quoted is: Should the land lying immediately upon and adjacent to the improvement prove insufficient, then the second parcel and other parcels in their order to the rear parcel of `150 feet shall be liable. Fifty foot parcels could not have been intended, because, when the second parcel is exhausted, 100 feet

back is exhausted, then the statute requires "other parcels in their order" to be exhausted, and other parcels "can not be less than two, which would get back at least 200 feet, and then comes "the rear parcel," required by the statute to be exhausted, if necessary, which would make 250 feet back, instead of 150 feet, as expressly limited by the statute.

Again, the fifth section provides that the city or town "shall have power to cause estimates to be made from time to time of the amount of work done by the contractor, * * * and such estimates shall be a lien upon the several parcels of ground upon which they are assessed * * * in favor of the city or incorporated town, * * and the owner of the certificate or bonds hereinafter mentioned." It is afterwards provided that the city or town may issue bonds for the payment of the cost of such improvement, and in another section that certificates or bonds may be issued to the contractor in payment for his work, and that in each case they shall be a lien on the property liable.

When any such improvement has been completed according to the terms of the contract, the sixth section provides that "The common council of such city * * shall cause a final estimate of the total cost thereof to be made by the city * * engineer, and the common council * * * shall require said city * * engineer to report to the common council * * * the following facts: *

"First. The total cost of said improvement.

"Second. The average cost per running front foot of the whole length of that part of the street * improved.

"Third. The name of each property owner on that part of the street * so improved.

"Fourth. The number of front feet owned by the respective property owners on that part of said street so improved.

"Fifth. The amount of such cost for improvement due upon each lot or parcel of ground bordering on said street or alley, which amount shall be ascertained and fixed by multiplying the average cost price per running foot by the number of running front feet of the several lots or parcels of ground respectively.

"Sixth. The full description, together with the owner's name, of each lot or parcel of ground bordering on said part of said street so improved."

The seventh section, as amended by the act approved March 6, 1891, provides that after the notice and hearing therein prescribed, the common council of the city or board of trustees of such town may adopt, alter, or amend such report and the assessment therein and shall assess against the several lots or parcels of ground the several amounts which shall be apportioned for and on account of such improvement.

In addition to the frequent use of the words "lots or parcels," indicating, it would seem, an intention to use it in the sense of the lots, as designated on the plat or other subdivision of the ground, it must be borne in mind that if such is not its meaning then the act has provided no means whatever of fixing or ascertaining the amount for which a lot shall be liable on account of such improvements, where, as here, the first 50 feet back from the front consists of two or more lots, and each owned by a different person. Because, by the provisions of section 6, just quoted, the engineer's report is the only legal basis on which any assessment can be made against any land whatever. The statute points out what his report shall be. He must report, among other things, the full description, together with the owner's name of each lot or parcel of ground bordering on the improved part of said street, and the number of front feet owned by each; and, also, the amount of cost for such improve-

ment due upon each lot or parcel of ground bordering on the improved street, which amount shall be ascertained and fixed by multiplying the average cost price per running foot by the number of running front feet of the several lots or parcels. It is clear that there is no authority given the engineer to report the name of any property owner whose ground does not border or abut on the improved street; and it is beyond doubt that he is not authorized to report the amount of cost for improvement on a lot or parcel of ground that does not border or abut on the improved street. And it is equally clear that he is not authorized to ascertain and fix the amount of such cost for such improvement, due on a lot or parcel of ground not bordering on such improved street, by any method or means whatever, nor is any other person or officer authorized to do so.

If the Legislature had meant, by the word "parcels," fifty foot strips or fifty foot parcels, in the connection above quoted from section 3, thereby rendering each fifty foot strip or parcel all and alike primarily liable in their order, though owned in separate parcels by different persons, they would have provided some means or method by which the amount due on each lot or parcel back of the one bordering on the improved street within the given fifty feet could be ascertained and fixed. When the engineer ascertains and fixes the amount due on the lot or parcel of ground bordering on the improved street, he can not ascertain and fix any amount due on the next parcel back, though within fifty feet of the front, for two very good and sufficient reasons, namely:

1st. Because the statute does not authorize him to do so.

2d. Because he has already ascertained and fixed the whole amount as due upon the front lot or parcel, for

which the whole 150 feet back can in any event be made liable.

The conclusion, therefore, seems irresistible that the Legislature meant, by the word "parcels," as used in section 3, lots as designated on the plat or other subdivisions. And, in so far as the first part of the proviso in said section 3 seems to indicate an intention to make the whole of the first fifty feet back from the front primarily and alike liable, it must be held to apply only to a case where only one person owns the whole of the first fifty feet. It is only in that way that such provision can be harmonized with the subsequent part of the same section, and with section 6 above quoted.

It is a well recognized rule in the interpretation of statutes, that the whole act and all its parts must be construed together so as to give effect to all the language employed, and inconsistent expressions are to be harmonized to reach the real intent of the Legislature. The statute ought to be so construed as to make it a consistent whole. Sutherland Stat. Con., sections 239–246.

It appears from the complaint and answer, that the engineer reported an estimate in favor of the contractors against the property-owners benefited thereby, to wit: Mary V. Hudson, on a strip or lot of ground on said Fifth street, 137.96 feet along said street and 19 feet wide, $297.06; Froeb & Morgan, a strip or lot 137.96 feet long parallel with said street, 18.6 feet wide, adjoining the strip first described, $272.10; and Amanda D. Mack, a strip or lot 137.93 feet long, parallel with said street, adjoining the last described strip, and 12.4 feet wide, said strips or lots being lots 1 and 2 and a part of lot 3, of said Blake's subdivision.

Such an estimate as this the engineer had no right to make. He was required by the statute, as we have seen, to report the amount of such cost for improvement upon

the ground bordering on the improved street, which amount he was required to ascertain and fix by multiplying the average cost price by the number of front feet, also the name of the owner of the lot so bordering on said street. The name of the owner of such lot was Mary V. Hudson, and her lot being the only one that bordered on the improved street, the amount due upon it he was required to ascertain and fix by multiplying the average cost price per running foot by the number of running front feet of her lot. And this he was required to report to the common council, and such report the amended 7th section required the common council to approve and confirm, or, in case it was incorrect, to cause it to be amended, and to make the assessment according to such report.

Therefore, if the statute had been followed by the city engineer and common council, the whole amount of cost of the improvement for which the whole 150 feet back from the line of Mrs. Hudson's lot bordering on the improved street could in any event be made liable, would have been assessed against Mrs. Hudson's lot No. 1.

Without the proviso in section 3, no person whose lot or ground does not border and abut on the improved part of the street could be made liable for any part of the cost of the improvement in any event. *Ray* v. *City of Jeffersonville,* 90 Ind. 567.

But the proviso makes such land liable only in the event that the lots or parcels preceding it toward the front or border have proven insufficient to pay the cost of the improvement. And the amount for which such ground is in any event made liable is not fixed by any assessment or ascertainment either by the engineer or common council, but it is fixed and ascertained by the balance remaining unpaid of the whole amount assessed on the front lot or parcel after the exhaustion of the

parcels that precede it to the front.   That can not be known and ascertained until such preceding parcels have been sold.   Therefore the act of the engineer in fixing and apportioning any amount against the appellee's lot was without authority of law and void, and the act of the common council in assessing said amount against appellee's lot was void, and she was entitled to have it declared so.   But it is contended that as appellee did not appeal from the assessment she could not resort to the extraordinary remedy of injunction.   But it has been frequently held in such cases where there is no legal authority to make the assessment as in this case, that the same is absolutely void, and subject to relief by injunction.   *Balfe* v. *Lammers,* 109 Ind. 347; *City of Fort Wayne* v. *Shoaff,* 106 Ind. 66; *Goring* v. *McTaggart,* 92 Ind. 200.   Besides the act of the engineer in making his report and ascertaining and fixing the amount of liability on the lots or parcels, and that of the common council in making the assessment, were each ministerial and not judicial acts.   From such acts no appeal lies unless given by the statute.   *Board, etc.,* v. *Davis,* 136 Ind. 503.

The statutes provides for no appeal in such cases.   The complaint, therefore, stated facts sufficient to entitle appellee to some relief.   She was entitled to have the assessment against her lot declared void, and to a decree enjoining the threatened enforcement thereof.   At least she was entitled to a decree enjoining all attempt to collect anything against her lot until lots 1 and 2 had been exhausted by sale, and proved insufficient to pay the whole cost of the improvement.   The decree was in the nature of a perpetual injunction, though it does not say so, yet it was unlimited.   Had there been a motion to so modify the decree as to make it go against the collection of any of the cost of the improvement until lots 1 and 2

had been exhausted, and proven insufficient, it would have presented a different question, and one not now before us. It follows from what we have said, that the complaint was good, and the answer was bad, and that the court did not err in overruling the demurrer to the former, and sustaining the demurrer to the latter.

