INDIANA ASPHALT PAVING COMPANY *v.* GRAND LODGE, KNIGHTS OF PYTHIAS ET AL.

[No. 13,446.  Filed February 20, 1930.  Rehearing denied May 1, 1930.  Transfer denied March 29, 1933.]

*Walker & Hollett, Edward H. Knight* and *Merle N. A. Walker,* for appellant.

*E. F. Branch, Ralph K. Lowder* and *Sol H. Esarey,* for appellee.

REMY, C. J.—At the time of the commencement of this

suit, and for many years prior thereto, appellee, Grand Lodge Knights of Pythias of Indiana, hereinafter referred to as appellee, owned a certain lot located at the northeast intersection of Massachusetts avenue and Pennsylvania street in the city of Indianapolis, on which, more than twenty years ago, it had erected a large office building, known as the Indiana Pythian Building. When the building was erected, appellee, with permission of the city, excavated under the sidewalk to the east curbline of Pennsylvania street, as the curbline was then located, and the space caused by the excavation was by appellee incorporated into, and made a part of, appellee's basement, which basement has since been occupied by tenants of appellee for restaurant purposes. On May 4, 1926, the board of public works of the city of Indianapolis adopted a resolution for the improvement of a part of Pennsylvania street, including all that portion bordering on appellee's lot and building. The proposed improvement called for a widening of the roadway of the street to the extent of ten feet, half to be taken from the west sidewalk and half from the east sidewalk. This plan necessitated the extention of the street pavement east toward appellee's lot and building a distance of five feet, and the construction of a strip of pavement five feet wide the full length of appellee's lot, all of which pavement to be constructed over the excavation previously made by appellee, and which had been included by it, in the basement of its building, the pavement to consist of three inches of asphalt upon a six-inch concrete base. To lay this strip of pavement, a substantial substructure for its support became necessary. The improvement was ordered, and on December 27, 1926, the contract was let to appellant, the contract price being $3.32 per lineal foot. The improvement to be made under the contract was not a resurfacing of Pennsylvania street, but, as called for by the resolution, was a widening of the road-

way of the street, which included the new pavement and new curb made necessary. The contract did not call for the substructure made necessary by the excavation made by appellee under the sidewalk when the building and basement were constructed. In fact the contractor, in his accepted bid, expressly excepted any work that "may be created on account of basements and elevators under present sidewalks." Before the work on the improvement was begun, the engineer of the city of Indianapolis notified appellee that the city was going to start the work and that appellee would be required, at its own expense, to make such changes in its basement and such construction as would support the substructure planned and designed by the city. Appellee failed and refused to put in the substructure, and the city engineer ordered appellant to furnish the material and do the work as an extra under his contract, the order in part being as follows: "Repair basement and elevators in front of Knights of Pythias Building located at 237 North Pennsylvania street and building located at 239 North Pennsylvania street to conform to new curb line;" and the work was done as ordered. The entire work was completed and accepted by the city, and such further proceedings had, that a final assessment roll was confirmed and certified to the treasurer for collection. The assessment against appellee's property was a total of $6,220.40, of which sum $568.43 was designated on the assessment roll as "general assessment," and $5,561.97 designated thereon as "private extra." Appellee did not appear before the board of public works and remonstrate or object to the assessment, nor did it appeal therefrom.

Thereafter appellee, Grand Lodge Knights of Pythias, by and through its trustees, began this suit against the city of Indianapolis, its comptroller and treasurer, and appellant, Indiana Asphalt Paving Company, to cancel the assessment and enjoin its collection. Complaint al-

leged appellee's ownership of the real estate involved, the adoption, on March 14, 1926, of the resolution by the city board of works for the widening of the roadway of Pennsylvania street, the letting, on December 27, 1926, to appellant company of what is termed in the complaint as a pretended contract for the widening of the roadway of Pennsylvania street, which contract called for the grading and paving of a strip five feet wide along the west side of appellee's real estate, the carrying out of the work which was accepted by the city and the levy of the assessment. It is further alleged that the proceeding for the improvement was without authority of law and the assessment void. Prayer that all proceedings of the city of Indianapolis leading up to the assessment be set aside, and that the city and the contractor be perpetually restrained from enforcing collection of the assessment or any part thereof. It is specially averred in the complaint that "the city of Indianapolis unlawfully and without right pretended to, and did, assess the entire cost of the improvement against frontagers on said improvement; . . . that said assessment was made in violation of law and in contravention of the statutes of the state of Indiana made and governing such improvements; that said assessments were made without authority of law or of the statutes of the state governing the improvement and construction of streets and the repair of the same."

To the complaint, the parties defendant separately and severally answered in two paragraphs, the first a denial, the second pleaded an estoppel, it being averred therein that in letting the contract for the improvement, the necessary steps, which are enumerated were taken; that no remonstrance was filed by appellee, no appeal from the board of works was taken, no injunction suit was instituted, and that appellee, with full knowledge of the facts, stood by and had accepted the benefits of the improvement. Appellant also filed a cross-complaint

claiming a lien for the amount of the assessment, and asked a judgment to include interest and attorney fees, and a foreclosure of the alleged lien. Appellee demurred to the second paragraph of answer and to the cross-complaint, each of which demurrers was overruled. In its memorandum filed with the demurrer to second paragraph of answer, appellee set forth that Pennsylvania street had been resurfaced within the ten years immediately preceding the institution by the city of the proceeding for the improvement in litigation, and called attention to the statute providing that if a street is resurfaced within a shorter period than ten years from the construction of the last resurfacing, the cost is all chargeable to the city. Appellee then filed reply in denial to second paragraph of answer, and as answer to cross-complaint in two paragraphs, the first being a denial, the second pleaded, substantially, the facts alleged in the complaint. To the second paragraph of answer to cross-complaint, there was answer in denial.

Trial resulted in a finding and judgment that appellee, plaintiff below, take nothing by reason of its complaint, and that the Indiana Asphalt Paving Company, appellant here, recover on its cross-complaint, but only the amount of the "general assessment," towit, $568.43, with interest and attorney fees. The decision of the court amounted to a finding against appellant as to the $5,651.97, which on the assessment roll was designated as "private extra," and was the assessment for the cost of the work in the basement which was done by appellant as an extra.

This appeal is prosecuted only by the Indiana Asphalt Paving Company. Although throughout the trial, and on appeal, appellee has contended that not only the assessment done as an extra, but also that part designated as "general assessment," was void ab initio, it has filed no

cross-errors, and, if this judgment is affirmed, must pay the judgment rendered as above stated.

As the record comes to us, the only question which will require consideration is as to the validity of the special assessment of $5,651.97 levied against appellee's property for the cost of putting in the substructure and making repairs of the basement and changes in reference to appellee's elevators.

That, at all times mentioned in the complaint, appellee owned, and now owns, the fee of the real estate from the property line to the middle of Pennsylvania street is not in doubt, nor does appellant question the rightful occupancy by appellee of the space used by it for basement purposes.

The original contract of appellant for widening of the roadway in Pennsylvania street made no provision for putting in the substructure to support the five-foot strip of pavement to be laid above the excavation which, as above stated, had been constructed and maintained by appellee; and prior to the letting of the contract no plans and specifications for the necessary substructure and repairs and changes in the basement had been prepared or placed on file. In fact, appellant, in its accepted bid, as stated above, expressly excepted any work which would be made necessary because of the extension of the basement under the roadway of the street. After the original contract had been so let, the city ordered appellant to go ahead and put in the substructure, and make the repairs and changes in the basement thereby made necessary, the materials to be furnished and the labor performed as an extra. Appellant complied with the order and, later, the city levied against appellee's property the assessment in controversy, for the cost of the so-called extra. Is the assessment valid?

It is well settled in this jurisdiction, that a city may have the power to make a public improvement, and yet

have no power to levy a special assessment against the property benefited, to pay the expense of such improvement. As was briefly and correctly stated by the Supreme Court in *Wilt* v. *Bueter* (1916), 186 Ind. 98, 111 N. E. 926, 929, 115 N. E. 49: "The power to assess the costs of improvements against abutting property is purely statutory, it does not exist in the absence of a statute, and, when granted, the extent of the power is limited to that which the statute expressly confers. . . . Statutes on this subject are strictly construed in favor of the abutting property owner, and in case of doubt as to the existence of such power the doubt is resolved against the municipality." In harmony with the doctrine thus stated, this court has recently held that without statutory authority an assessment by a municipality against abutting property for the cost of an improvement is void, *City of Huntington* v. *Sonken* (1929), 89 Ind. App. 645, 165 N. E. 449; and in an earlier case the court rightly stated the law to be "If the municipality attempts some method other than that provided by statute, or goes beyond the authority given, to that extent it is without jurisdiction and its acts are void." *City of Bluffton* v. *Miller* (1904), 33 Ind. App. 521, 70 N. E. 989, 990.

It is agreed by the parties that the proceeding for the proposed improvement was instituted under §107 of the Cities and Towns Act of 1905, as amended by the Act of 1921 (Acts 1921, p. 324, §10440 Burns 1926), and that the letting of the improvement contract, its execution and the levy of assessments for the cost of the improvement were attempted under the provisions of the same act. Section 96 of the Cities and Town Act (§10343 Burns 1926) provides: "All expenses incurred or authorized by such board of public works shall be payable out of the general funds of such city, appropriated to the use of such board and available

for the particular purpose, except where this act specifically directs that such expenses are to be paid by assessments against property holders." It is not provided by the act, nor by any other statute of this state, that where, in the widening or other improvement of a street, it becomes necessary to construct the roadway, or any part thereof, over basement space occupied by an abutting property owner, the city shall have the right to enter upon the property, put in the substructure, make repairs and changes in the basement necessitated thereby, and assess the cost thereof against the property. In the absence of such authority the levy, to that extent at least, is void.

Appellant does not refer to any statutory authority for such assessment, but makes the contention that appellee, well knowing that appellant was furnishing the materials and doing the work which was benefiting its property, stood by until the benefits had accrued, did not appeal nor seek an injunction, and that it can not now question the validity of the assessment. Such was the defense pleaded by appellant in its second paragraph of answer, a demurrer to which was overruled by the trial court; and it is now contended by appellant that, under the evidence, which on this point is not in dispute, the decision of the court is not sustained. There would be merit in appellant's contention if the statutes under which the proceeding was instituted had conferred upon the city colorable authority for its acts. Substantially the same question was before the Supreme Court in the case of *Wilt* v. *Bueter, supra.* In that case, the city of Ft. Wayne had levied an assessment against abutting property for the cost of a certain improvement a part of which was not authorized by the statute under which the improvement proceeding had been instituted. There, as here, a property owner commenced a suit to cancel the assessment, and, as in the case at bar, estoppel

was pleaded, and was upheld by the lower court. The opinion in that case reversing the judgment of the lower court, written by Judge Lairy, is most able and exhaustive, and we quote and adopt as a part of our reasoning here the following statement: "The statute under which this proceeding was conducted is conceded to be valid. In this case it is not a question as to whether there is colorable law purporting to give authority for the proceeding, but whether the statute, which is admitted to be valid, confers colorable authority on the city to make the improvement undertaken at the expense of the abutting property. Is the statute so worded as to give an appearance or semblance of such authority? Under the doctrine adopted . . . this statute might be held to confer authority for the work undertaken . . . if it were susceptible of a construction which would confer the authority claimed." See, also, *City of Ft. Wayne* v. *Shoaf* (1886), 106 Ind. 66, 5 N. E. 403; *Indiana Union Traction Co.* v. *Gough* (1913), 54 Ind. App. 438, 102 N. E. 453; *Klein* v. *Nugent Gravel Co.* (1904), 162 Ind. 509, 70 N. E. 801; *Adams* v. *City of Shelbyville* (1899), 154 Ind. 467, 57 N. E. 114, 49 L. R. A. 797, 77 Am. St. 484.

There being no statutory authority for the levying of an assessment for the cost of that part of the improvement directed to be done as an extra, the assessment for such improvement was, and is, null and void.

The authorities cited and relied on by appellant are cases where there was a law purporting to authorize the proceedings complained of, a law afterwards held unconstitutional or which was later held to be repealed by implication; or a law susceptible of two or more constructions, one of which would authorize the acts of the municipality. That is not this case; there is here no law purporting to authorize the city to order the building of the substructure and the repairs and changes in the basement, *and assess the cost thereof*

*against the property of appellee.* Where a contractor under semblance of law proceeds with the work, he acts in good faith, and the principle of 'estoppel applies; not so where there is no law. In such a case there can be no estoppel. The contractor is presumed to know the law; to know that there is no law if that should be the fact; with such knowledge, it will not be presumed that in taking the contract and making the improvement he acted in good faith. *Wilt* v. *Beuter, supra,* pp. 111 and 112; *Cluggish* v. *Koons* (1896), 15 Ind. App. 299, 607, 608, 43 N. E. 158. So in the case at bar, appellant is presumed to have known that the city of Indianapolis had no authority of law to levy the assessment of $5,651.97, designated on the assessment roll as "private extra," and appellee is not estopped to question the legality of that assessment.

Whether that part of the assessment designated as "general assessment" was improperly levied, it is unnecessary to decide, there being no cross-errors. It appears from the record that it was because the assessment roll specifically stated the amount of the assessment which was for the cost of the substructure and basement work, and the exact amount of the remainder, that the trial court upheld the assessment, except as to that ordered as an extra. Otherwise, it would seem that the law laid down in the Beuter case, *supra,* would require a holding that neither part of the assessment was valid, for in that case the whole of the assessment was held invalid because a part was included without authority of statute. In that case, the portion of the assessment which represented the cost of that part of the improvement not authorized by statute was not found by the court, nor was it specifically stated on the assessment roll.

We find no reversible error.

Affirmed.