WELLS vs. BURNHAM, impleaded with the City of Milwaukee and others.

*Assessments for local improvements—Letting contract to lowest bidder—Requisites of notice.*

1.   The decision in *Kneeland vs. The City of Milwaukee and others*, 18 Wis., 411, adhered to.
2.   Where the street commissioners of a city are required by law to let contracts for city improvements to the lowest bidder, a violation of that provision must always be regarded, *prima facie* at least, as "affecting the substantial justice of the tax" levied to pay for such an improvement.
3.   Where the work to be done, the manner or style in which it is to be done, and the material to be used, are not definitely described in the plans and specifications upon which the proposals are invited, and in the contract, but are left

Wells vs. Burnham, impleaded with the city of Milwaukee and others.

without necessity to the discretion or oral directions of the commissioners, the provision of law requiring the contract to be let to the lowest bidder is violated.

4. In an action to have certain taxes assessed to pay for the construction of a sewer in the city of Milwaukee under ch. 213, Gen. Laws of 1863, declared invalid, *Held*, that if "no plans for said sewer had ever been made, and the specifications did not show the grade of the proposed sewer, nor the depth of the excavations of the trench, nor the manner and style of the construction of the manholes therein," the contract was void and the tax invalid.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to restrain the issue of deeds for plaintiff's lots on Wells street, in the city of Milwaukee, upon certificates of sale thereof for certain special taxes assessed thereon for the amount of street commissioners' certificates of work done in constructing a sewer in said street. See *Kneeland v. The City of Milwaukee et al.*, 18 Wis., 411. The contract entered into between the street commissioners and the defendant *Burnham*, for the construction of said sewer, is set out in full in the complaint, and contains the following among other provisions: "Said work to be done in accordance with the plans and specifications therefor on file in the office of the city comptroller, to which reference is had, and which are made part of this contract." "Said party of the first part shall also construct well holes [man-holes] with eight-inch brick wall from the top of the sewer to the surface of the ground, *as directed by said street commissioners*, at each and every alley crossing said Wells street, and, where there is no alley crossing, *at such intervals and places as said street commissioners* may direct." The complaint alleges that no plans for said sewer were ever filed in the office of the city comptroller as required by the act authorizing the building of the same (ch. 213, Gen. Laws of 1863) ; and that the specifications filed in said office (of which a copy is given) did not show the number, dimensions, form, thickness of walls, materials, or manner or style of construction of the man-holes mentioned therein and in said contract, and did not show the grade of said proposed sewer, nor the depth of the excavation of the trench therefor.

The defendant *Burnham* demurred to the complaint, on the grounds that the court had no jurisdiction of the subject matter; that there was a misjoinder of parties defendant; and that the facts stated did not constitute a cause of action. From an order overruling the demurrer, *Burnham* appealed.

*Butler & Cottrill* for appellant:

1. The complaint does not show that the plaintiff has been substantially aggrieved by the alleged omissions in regard to the tax in question. *Mills v. Gleason*, 11 Wis., 470; *Warden v. Supervisors &c.*, 14 id., 618; *Dean v. Gleason*, 16 id., 1; *Smith v. Cleveland*, 17 id., 556; *Stokes v. Knarr*, 11 id., 389; *Ablebleman v. Roth*, 12 id., 81; *Bond v. City of Kenosha*, 17 id., 284; *Hersey v. Supervisors*, 16 id., 185; *Wakeley v. Nicholas*, id., 588; *Mills v. Johnson*, 17 id., 598. 2. The charter of the city of Milwaukee and all its amendments are public acts, of which the court will take judicial notice. *Clark v. Janesville*, 10 Wis., 136; *Terry v. Milwaukee*, 15 id., 490; R. S., chap. 5, sec. 2. The special act under which the tax in question was levied, is an amendment to the charter; and hence the tax is subject to the rule in sec. 19, chap. 8 of the charter, which declares that all the charter provisions relative to the levy of taxes, either general or special, shall be directory merely, and that no omission to follow them, "not affecting the substantial justice of the tax," shall invalidate it. Under this provision it must be shown, not that the informality *may* affect the substantial justice of the tax, but that it actually *does* affect it. *Myrick v. La Crosse*, 17 Wis., 442, is therefore not applicable on this point; while it supports the first point above made. The legislature had the power to enact said sec. 19. *Mills v. Gleason, supra*.

*Joshua Stark*, for respondent, as to the jurisdiction of the court, cited *Dean v. Madison*, 9 Wis., 402, 405–8; *Knowlton v. Rock Co.*, id., 410, 417; *Weeks v. Milwaukee*, 10 id., 242; *Myrick v. La Crosse*, 17 id., 442; *Mitchell v. Milwaukee*, 18 id., 92; *Kneeland v. Milwaukee*, id., 411; 4 Kern., 9; 8 Ind., 34; 18 Md., 254; 2 Ham., 72; 5 Minn., 95; 2 Story's Eq. Jur., §955,

a; 4 Mylne & C., 254. As to the plaintiff's cause of action, he cited *Myrick v. La Crosse, Mitchell v. Milwaukee,* and *Kneeland v. Milwaukee, supra.*

DOWNER, J. This case must follow that of *Kneeland v. The City of Milwaukee et al.,* 18 Wis., 411. We are urged, however, to review the opinion in that case and overrule it, because, it is said, chapter 213, laws of 1863, under which the sewer was constructed, is an amendment to the charter of the city of Milwaukee, and hence the tax in question is subject to the provisions of sec. 9, chapter 8 of the charter, which is as follows: " All the directions hereby given for the assessing of lands, and the levying and collection of taxes and assessments, shall be deemed only directory, and no error or informality in the proceedings of any of the officers entrusted with the same, not affecting the substantial justice of the tax itself, shall vitiate or in any way affect the validity of the tax or assessment."

The opinion in the case of *Kneeland v. The City of Milwaukee* construes the act of 1863 by itself; and is to the effect that the contract to do the work was void, because certain things, which were conditions precedent to making the contract, were not done. We think that case was correctly decided. But if we are mistaken, and the law of 1863 is subject to the rule of the charter prescribed in sec. 19, chap. 8, still it appears to us that the rule cannot affect that provision of the act of 1863, or of the charter, which requires contracts to be let to the lowest bidder. A violation of that provision must always, *prima facie* at least, affect the substantial justice of any tax in a case similar to this. We think it clear that the contract was let in violation of that provision. To comply with that part of the act, the contract, plans and specifications should describe and specify definitely the work to be done, the manner or style in which it is to be done, and the material to be used. To leave these, or any of them, when there is no necessity for it, to the discretion or verbal directions of the commissioners, so that

they can increase or diminish *ad libitum* the cost of the work, would practically annul the law.    It would be no more a violation of that law to let a contract for the entire work to be done in such manner and of such material as the commissioners should direct, than it would be to leave any considerable portion of the work or material, when there was no necessity for it, to the discretion of the commissioners.    When, therefore, the plaintiff avers " that no plans for said sewer have ever been made ; and that the specifications did not show or specify the grade of said proposed sewer, nor the depth of the excavations of the trench, nor the manner and style of the construction of the man-holes therein," it showed such omissions of the requirements of the act as to make the contract void, because no one could bid for the contract intelligently without making large allowances for work which might or might not be required to be done, or to be done in a manner or style more or less expensive, according to the discretion of the commissioners. Such omissions or uncertainty or indefiniteness as to the work to be done, at least *prima facie*, increase the contract price.    They may to some extent prevent competition in bidding.    The law requiring contracts to be let to the lowest bidder is based upon public economy, and originated perhaps in distrust of public officers whose duty it is to make contracts.    It is of great importance to tax payers, and ought not to be frittered away by exceptions.    Contracts made in violation of it have been held void, and we think rightly.    *Brady v. The Mayor of New York*, 20 N. Y., 312 ; *Mitchell v. City of Milwaukee*, 18 Wis., 92.

*By the Court.*—The order of the circuit court is affirmed.