KNEELAND vs. FURLONG and others.

20 437
f105 599

*City improvements—Letting of contracts—Notice of letting.*

1. Where a city charter provides that all work for the city shall be let by contract to the lowest bidder, and due notice shall be given of the time and place of letting such contracts, bidders should be informed, either by the notice of the letting or by the specifications in the proper office, referred to in such notice, of *the amount of work intended to be included in each contract,* whenever it can be specified; the time within which it is to be finished; the manner in which it is to be done; and the quality of the materials, if any, which are to be furnished.

2. The street commissioners, by whom such contracts are to be let, cannot "reserve the right to divide the work" after the bids are received "according to the

ability of the contractors to do the same, or as they may think for the best interest of the property affected, and that of the public." Such division must be made previously, so that bids may be made with reference to it.

3. The notice given by the street commissioners in this case having reserved such a right of division, their certificate for work done in front of a lot under such a contract, is *held* to be invalid.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action to have a street commissioners' certificate of work done in grading a street in front of a lot belonging to the plaintiff, in the city of Milwaukee, declared void, &c. The complaint attacks the validity of the proceedings under which such certificate was issued, upon a variety of grounds, which were also elaborately argued by the counsel for the respective parties in this court; but the facts necessary to an understanding of the point decided are sufficiently stated in the opinion. The appeal was by the plaintiff from a judgment of dismissal in the circuit court.

*Stark & McMullen*, for appellant.

*Thos. M. Knox*, for respondents, argued that unless it was apparent upon the face of the reservations contained in the notice of the letting in this case, that some person must necessarily have been deterred thereby from bidding, and that such person would have bid a lower sum than was bid by the contractor in this case, the certificate should not be held invalid by reason of such reservations—there being no evidence of actual injury. *Mills v. Gleason*, 11 Wis., 470, 479; *Kelley v. Corson*, id., 1, 2.

DOWNER, J. The only question we deem it necessary to consider is, whether the street commissioners, in letting the contract pursuant to which the certificates sought to be set aside as void were issued, violated the provisions of sec. 1, ch. x, of the city charter. That section is as follows, " All work for the city or either of the wards shall be let by contract to the lowest bidder, and due notice shall be given of the time and place of letting such contract." The notice given, signed by the street commissioners, is as follows:

"Notice to Contractors.—Sealed proposals will be received by the undersigned till Wednesday, the 16th inst., at 6 o'clock, P. M., to furnish all materials and do the following work, to wit:

"To pave the gutters with cobble stones, on both sides of the following streets, in front of all lots fronting on said streets, where the same is not now done, according to the order of the street commissioners, viz:

Division street from the river to the lake.

"    ".   "   " bayou "    "

Oneida    "    "   "   "    "    "

Mason    "    " Milwaukee street to the lake.

Wisconsin street, on the first ward side, from East Water street to Jefferson street.

"Also to grade the following streets and sidewalks on both sides of the same, viz:

Ogden street from Milwaukee street to Racine street.

Lyon    "    "    "    "    "    "

North Water street from Milwaukee street to Racine street.

Jackson    "    " Division    " Pleasant "

Van Buren    "    "    "    "    "    "

Marshall    "    " Ogden    "    "    "

Jefferson    "    " Knapp    "    "    "

Lake    "    " Oneida    " Division "

"The commissioners reserve the right to divide the work according to the ability of the contractors to do the same, or as they may think for the best interest of the property affected, and that of the public. No bids will be received for only the work in front of a single lot, and all work contracted for will be required to be commenced immediately, on the execution of a contract, and completed without delay. Bids may be handed to either of the undersigned, or addressed through the post office."

Work cannot be let by contract to the lowest bidder, within the meaning of the city charter, unless the bidders are inform-

ed, before bidding, of the terms or principal stipulations of the contract each successful bidder is to enter into. Bidders should be informed, either by the notice of the letting or by the specifications in the proper office to which it refers, of the terms of the contract; at least of the quantity or amount of work, whenever it can be specified, to be included in any one contract; the time within which it is to be finished; the manner in which it is to be done; and, if materials are to be furnished, their quality. All this we think the charter requires. Did the notice in this case give such information? It does not inform us how much of the proposed work would be included in any one contract. The appellant contends that the street commissioners were bound to receive the bids of individual lot owners to do the work in front of their own lots, or at least bids for single lots. We are of a different opinion. After the notice to the owners had been given, and they had failed to do the work, it then became the duty of the commissioners to let the work by contract to the lowest bidder. And how much work should be included in one contract, they should, *before giving notice*, determine, and in the notice make known. In determining how much work they would let by one contract, and how much by another, they should so act as in their judgment to secure the greatest competition in bidding. It would seem reasonable that they should divide the work into comparatively small portions, where it was of such a character that it did not require one contract for the whole, so that small contractors might bid, and large contractors would not be prevented, as they might take several contracts. This matter, however, is entrusted to the discretion of the commissioners. But to let work by contract to the lowest bidder, when the bidder can be informed *before* his bid, but is not, of the *quantity* of the work he is to do, is not left to their discretion. The division of the work which the commissioners in the notice reserved to themselves the right to make *after* receiving the bids, should have been made *before*. To permit them to do this after the bids, would encour-

age favoritism, fraud and corruption, and practically abrogate the provisions of the charter under consideration. For under the reservation in the notice they might give contracts to any favorite bidder, although he was not the lowest, under pretense that the public interest required it, or that he was the lowest bidder for the whole, or a large proportion of the work, when there were lower bidders for smaller portions. Besides, the want of proper and certain information must always tend to discourage bidders, and prevent fair competition. We therefore hold the contract with *Furlong* void. See *Kneeland v. City of Milwaukee*, 18 Wis., 411; *Wells v. Burnham*, [*ante*, p. 112], and cases there cited.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings.