CITY OF ALCOA, Plaintiff-Appellant,

v.

Asbery INGRAM et al.,
Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section.

June 3, 1976.

Certiorari Denied by Supreme Court
Oct. 4, 1976.

M. H. Gamble, Jr., Carl P. McDonald, Goddard & Gamble, Maryville, for plaintiff-appellant.

William J. Brown, Maryville, for defendants-appellees.

CARNEY, Presiding Judge.

The City of Alcoa has appealed from an order of the Trial Court dismissing its suit for street assessment of $201.00 against the Defendants-Appellees, Gordon Edward Wright and wife, Janice Wright. A number of other property owners were defendants to the original suit but they are not involved on this appeal.

Beginning in April 1964 and ending in March 1969, the City of Alcoa completed a street improvement program under Ordinance 475 passed on August 30, 1962. These improvements were made under the authority of Chapter 11, Improvements by Special Assessment, T.C.A. Section 6–1101, et seq.

The City of Alcoa used its own personnel for engineering design and for some of the work on the street improvement program. However, the major cost of the construction was represented by payments to Harrison Construction for labor, materials, and equipment.

On June 10, 1971, the City of Alcoa passed Resolution No. 1070 assessing the owners of properties abutting the streets improved under Ordinance 475 for two-thirds of the cost of the improvements. This assessment was levied under T.C.A. Section 6–1115. Publication, as provided by T.C.A. Section 6–1121, was made on June 11, 1971, and June 14, 1971, giving 13 days' notice that the assessment list had been completed and setting June 24, 1971, as the date for making objections to the apportionments. This notice met the 10-day requirement provided by T.C.A. Section 6–1121. However, the lower Court held that the notice was defective because it did not give full 14 days' notice provided by T.C.A. Section 6–1104.

Many property owners appeared on June 24, 1971, and made objection. Resolution 1070 approving the assessment list was adopted. There was no appeal by any of the property owners from the assessments as authorized by T.C.A. Section 6–1126.

After the Defendants, Wright and wife, and other landowners refused to pay, the suit in the instant case was filed.

The lower Court held the assessment invalid because the City did not obtain competitive bidding under Article 20 of the Charter of the City of Alcoa construed in *pari materia* with T.C.A. Section 6–1107.

Article 20 of the Charter states as follows:

"Section 1: Any public work or improvement, costing more than one thousand dollars, shall be executed by contract, except when a specific work or improvement is authorized by the Board of Commissioners, and approved by the City Manager."

T.C.A. Section 6–1107 is as follows:

"*6–1107. Undertaking work*—Construction contract.—Upon the confirmation of the ordinance hereinbefore referred to, it shall be the duty of said legislative body to proceed to construct the improvements thus authorized, which may be done by contract with the lowest and best responsible bidder, in accordance with the provisions of the charter of such city or town, or it may be done by said municipality as it may elect."

The contract by the City with Harrison Construction Company was on a negotiated bid price per ton of asphalt actually laid. However, as set out above, some city personnel worked on the improvement project. We respectfully disagree with His Honor the Trial Judge and hold that the contract by the City with Harrison Construction Company was not forbidden either by the City charter or by T.C.A. Section 6–1107.

The case of *Johnson City v. Carnegie Realty Company*, (1933), 166 Tenn. 655, 64 S.W.2d 507, cited by Appellees, is not controlling of the case at bar. In the *Johnson City* case, the private statutes expressly required the contract to be let to the lowest bidder. Neither the City charter of Alcoa nor T.C.A. Section 6–1107 so requires.

We also hold that His Honor the Trial Judge was in error in holding the assessment invalid because the property owners were given only 13 days notice of the hearing for objections to the property assessments. The 14-day notice required under T.C.A. Section 6–1104 did not relate to hearing on assessment lists. It related only to hearings on objections to the improvement project. At the time the notice was given in August 1962 for hearings on objections to the improvement project under T.C.A. Section 6–1104, the Appellees, Wright, et ux, did not own the land which was later assessed. If there had been a defect in the notice, Appellees could not now legally object. However, it appears that the notice in August 1962 was legally made. The 10-day notice for hearing on objections to assessments as required by T.C.A. Section 6–1107 having been met, His Honor was in error in holding the notice insufficient.

The assignments of error are sustained, the judgment of the lower Court is reversed, and the cause is remanded for further proceedings consistent with this opinion. The costs in the Court below and in this Court are taxed to the Appellees.

MATHERNE and NEARN, JJ., concur.